UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA WERNER,<br><br>        Plaintiff,<br><br>    v.<br><br>ADVANCE NEWHOUSE PARTNERSHIP, LLC, a New York limited liability company d/b/a BRIGHTHOUSE NETWORKS; and BRIGHTHOUSE NETWORKS,<br><br>        Defendants. | Case No.: 1:13-cv-01259 - LJO – JLT<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

      Plaintiff Patricia Werner initiated this action against Advance Newhouse Partnership, LLC and Brighthouse Networks (collectively, "Defendants") by filing a complaint on August 12, 2013. (Doc. 1). According to Plaintiff, Defendants are liable for retaliation and discrimination in violation of Title VII, and a violation of the Equal Pay Act.  As set forth more fully below, though Plaintiff's complaint *concludes* that unlawful employment actions occurred at her former workplace, her complaint fails to set forth sufficient factual allegations to support the conclusions.  This is not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Thus, the Court **ORDERS** the complaint **DISMISSED with leave to amend**.

I.     **Pleading Requirements**

      The Federal Rules of Civil Procedure govern the requirements for filing an adequate complaint

1

in the District Court. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Thus, a complaint must give fair notice and state the elements of the plaintiff's claims in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Iqbal*, 556 U.S. at 678-79 (internal quotation marks and citations omitted).

Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). When factual allegations are well-pled, a court should assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, the Court may grant leave to amend when the deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**II.     Plaintiff's Allegations**

Plaintiff alleges she was employed by Defendants from July 19, 1997 through August 24, 2011. (Doc. 1 at 2.) She asserts she "was paid less than similarly situated male employees and was retaliated against for persistently raising the issue and requesting equal pay." (*Id.*) In addition, Plaintiff asserts

that "[t]he work place environment was saturated with discriminatory practices against female employees, including but not limited to blatant and extensive sexual harassment of female employees by high management employees whose conduct was ignored by higher management officers." (*Id.*) According to Plaintiff, the "[m]ale management employees were given preferential treatment and acts of egregious misconduct were tolerated without consequence." (*Id.* at 3.) Further, Plaintiff alleges the treatment she received "in connection with her separation was discriminatory in contrast to the preferential treatment of similarly situated male employees." (*Id.*)

Plaintiff reports she "timely field charges of discrimination" with the Equal Employment Opportunity Commission and received a "Notice of Right to Sue" on May 13, 2013. (Doc. 1 at 3.)

### III.  Discussion and Analysis

**A.   Title VII claims**

Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this [title] . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [title]. . . ." 42 U.S.C. § 2000e-3(a). Further, Title VII provides it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). The Supreme Court determined this guarantees "the right to work in an environment free from discriminatory intimidation, ridicule, and insult." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986).

**1.   Retaliation**

The Ninth Circuit explained an "employer can violate the anti-retaliation provisions of Title VII in either of two ways: (1) if the adverse employment action occurs because of the employee's opposition to conduct made unlawful [by Title VII]; or (2) if it is in retaliation for the employee's participation in the machinery set up by Title VII to enforce its provisions." *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997). To state a cognizable claim for retaliation, a plaintiff must allege: "(1) she engaged in an activity protected by Title VII; (2) her employer subjected her to an adverse

employment action; and (3) a causal link exists between the protected activity and the adverse action." *Bleeker v. Vilsack*, 468 Fed. App'x 731, 732 (9th Cir. 2012); *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

### a. Protected activity

For an employee's "opposition" to be protected, the employer's conduct which the employee opposed "must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation." *Learned v. Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988). Conduct constituting a "protected activity" under Title VII includes filing a charge or complaint, testifying about an employer's alleged unlawful practices, and "engaging in other activity intended to oppose an employer's discriminatory practices." *Raad v. Fairbanks N. Star Borough*, 323 F.3d 1185, 1197 (9th Cir. 2003) (citing 42 U.S.C. § 2000e-3(a)) (internal quotation marks omitted). Here, although Plaintiff asserts she "persistently" raised the issue of not receiving equal pay, there are no facts regarding to whom she complained such that the Court may determine her complaints were protected under Title VII.

### b. Adverse employment action

"[A]n adverse employment action is one that materially affects the compensation, terms, conditions, or privileges of employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (internal quotation marks and citation omitted). The Ninth Circuit has determined "a wide array of disadvantageous changes in the workplace constitute adverse employment actions." *Ray*, 217 F.3d at 1240. Here, Plaintiff has alleged that her employment with Defendants was terminated, which is an adverse employment action under Title VII. *See Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

### c. Causal link

Even if Plaintiff alleged facts sufficient to support a determination that she engaged in a protected activity, she has not alleged a causal link between her complaints and the termination of her employment with Defendants. The causal link may be "inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff*, 809 F.2d at

1375. "[C]ausation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." *Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1065 (9th Cir. 2002).

Significantly, for a causal link to be inferred, Plaintiff must allege her employer had knowledge of the protected activities. *See, e.g., Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (inferring causation where adverse employment actions took place less than three months after the plaintiff's complaint where his supervisors were aware of his Title VII charges and his participation in administrative investigations); *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 869-70 (9th Cir. 1996) (finding causal link where alleged retaliation followed within months of protected activity where supervisor knew of the employee's complaint). Here, Plaintiff has failed to allege sufficient facts supporting such an inference. Consequently, her claim for retaliation is **DISMISSED**.

### 2.   Gender Discrimination—Disparate Treatment

An individual suffers disparate treatment in her employment when "she is singled out and treated less favorably than others similarly situated." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). "[T]o assert a valid Title VII claim for sex discrimination, a plaintiff must make out a prima facie case establishing that the challenged employment action was either intentionally discriminatory or that it had a discriminatory effect on the basis of gender." *Jespersen v. Harrah's Operating Co.*, 444 F.3d 1104, 1109 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Harriss v. Pan Am. World Airways, Inc.*, 649 F.2d 670, 673 (9th Cir. 1980). A plaintiff must allege "(1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998) (citation omitted).

Plaintiff alleges she "was paid less than similarly situated male employees." (Doc. 1 at 2). As a female, Plaintiff is a member of a protected class. *See, e.g.*, *Berg v. Cal. Horse Racing Bd.*, 419 F.Supp. 2d 1219, 1230 (E.D. Cal. 2006). As discussed above, Plaintiff suffered an adverse employment action. However, Plaintiff has not alleged that she was meeting her employer's expectations. Thus, Plaintiff has not alleged facts sufficient to support her claim for disparate treatment in violation of Title VII, and this cause of action must be **DISMISSED**.

3.     **Hostile Work Environment—Sexual Harassment**

The Supreme Court determined Title VII is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998). To state a claim under Title VII for hostile work environment based upon sexual harassment, an employee must allege: "(1) she was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment." *Porter v. California Dept. of Corrections*, 419 F.3d 885, 892 (9th Cir. 2005) (citation omitted). The "severe or pervasive" element has both objective and subjective components, and courts consider "not only the feelings of the actual victim, but also 'assume the perspective of the reasonable victim.'" *EEOC v. Prospect Airport Servs.*, 621 F.3d 991, 998 (9th Cir. 2010) (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 924 (9th Cir. 2000)).

Here, Plaintiff alleges that "[t]he work place environment was saturated with discriminatory practices against female employees, including but not limited to blatant and extensive sexual harassment of female employees by high management employees whose conduct was ignored by higher management officers." (Doc. 1 at 2). Plaintiff does not allege sufficient facts for the Court to evaluate whether the conduct rises to the level of a Title VII violation, such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Morgan*, 536 U.S. at 116 (citation omitted). Most significantly, Plaintiff does not allege *she* personally was subjected to unwelcome verbal or physical conduct that was sexual in nature or, even, that she observed it occur. Thus, Plaintiff has not stated a cognizable claim for a hostile work environment based upon sexual harassment, and this claim must be **DISMISSED**.

B.     **Equal Pay Act**

Under the Equal Pay Act ("EPA"), it is unlawful for employers to pay employees of one sex less than employees of the other sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C.

§ 206(d)(1). To state a cognizable claim for a violation of the EPA, a plaintiff must allege the employer paid "different wages to employees of the opposite sex for equal work." *Hein v. Oregon Coll. of Educ.*, 718 F.2d 910, 913 (9th Cir. 1983) (citation omitted). The work need "need not be identical, but they must be 'substantially equal.'" *Id.*; *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073-74 (9th Cir. 1999).

Plaintiff alleges she "was paid less than similarly situated male employees." (Doc. 1 at 2). However, that the male employees were "'similarly situated' is a legal conclusion." *Williams v. Vidmar*, 367 F.Supp.2d 1265, 1272 (N.D. Cal. 2005). Consequently, this allegation is not entitled to the assumption of truth without factual support. *Ivey*, 673 F.2d at 268. If the jobs involve substantial differences in skill, effort, or responsibility, or if the jobs are not performed under similar working conditions, Plaintiff's claim fails. *See Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1414 (9th Cir. 1988) (explaining each criterion must be satisfied under the EPA). Because Plaintiff's claim for a violation of the Equal Pay Act lacks factual support, it must be **DISMISSED**.

### IV.     Conclusion and Order

Plaintiff will be given an opportunity to file an amended complaint to plead sufficient facts supporting her claims. *See Lopez*, 203 F.3d at 1127-28; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is admonished to provide more than conclusions in her complaint, and provide a short, plain statement of her case, including facts that support her allegations. *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678-79. Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level…" *Bell Atl. Corp v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is advised the Court cannot refer to a prior pleading in order to make her amended complaint complete. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, once Plaintiff file an amended complaint, the original pleading no longer serves any function in this action.

The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Complaint is **DISMISSED with leave to amend**; and
2. Plaintiff is **GRANTED** thirty days from the date of service of this Order to file a First Amended Complaint.

<u>Plaintiff is cautioned that failure to comply with this order by filing an amended complaint will result in a recommendation that this action be dismissed pursuant to Local Rule 110.</u>

IT IS SO ORDERED.

Dated: **August 19, 2013**            /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE