1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                   **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11   PATRICIA WERNER, | )   Case No.: 1:13-cv-01259 - LJO - JLT |
| 12                Plaintiff, | )<br>)   ORDER DIRECTING PLAINTIFF TO FILE A |
| 13        v. | )   SECOND AMENDED COMPLAINT OR NOTIFY<br>)   THE COURT OF HER WILLINGNESS TO |
| 14   ADVANCE NEWHOUSE PARTNERSHIP, | )   PROCEED ONLY ON CLAIMS FOUND TO BE<br>)   COGNIZABLE |
| 15   LLC, a New York limited liability company<br>d/b/a BRIGHTHOUSE NETWORKS; and | )<br>) |
| 16   BRIGHTHOUSE NETWORKS, | )<br>) |
| 17                Defendants. | )<br>) |

18

19          Plaintiff Patricia Werner initiated this action against Advance Newhouse Partnership, LLC and

20   Brighthouse Networks (collectively, "Defendants") by filing a complaint on August 12, 2013.  She

21   filed a First Amended Complaint on September 23, 2013.  (Doc. 4)  For the following reasons, the

22   Court finds Plaintiff has stated a cognizable claim for a violation of the Equal Pay Act but she failed to

23   state cognizable claims for violations of Title VII.  Therefore, the Court directs Plaintiff to either (1)

24   file a Second Amended Complaint or (2) notify the Court of her willingness to proceed only on his

25   cognizable claim for a violation of the Equal Pay Act.

26   **I.        Pleading Requirements**

27          The Federal Rules of Civil Procedure govern the requirements for filing an adequate complaint

28   in the District Court.  A complaint must include a statement affirming the court's jurisdiction, "a short

and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Thus, a complaint must give fair notice and state the elements of the plaintiff's claims in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).

Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  When factual allegations are well-pled, a court should assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2).  Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)).  However, the Court may grant leave to amend when the deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127–28 (9th Cir. 2000) (en banc).

## II.      Plaintiff's Allegations

Plaintiff alleges she was employed by Defendants as Director of Human Resources of the Bakersfield Division of Brighthouse Networks/ Advance Newhouse Partnership until August 24, 2011. (Doc. 4 at 2, 3.)  She asserts she "was paid less than similarly situated male employees and was retaliated against for persistently raising the issue and requesting equal pay." *Id.* at 2.  According to

Plaintiff, she "was paid less than male management employees who held similar positions and were [her] counterparts in management." *Id.* at 3. Also, she asserts the "male employees in similar management positions who had not complained about compensation disparity were treated differently than Plaintiff was treated." *Id.*

Plaintiff alleges the "practice of the company was to provide additional compensation to management employees when additional duties were assigned," but when she received no additional compensation when she was assigned "additional duties including the responsibility for safety and fleet management." (Doc. 4 at 3). On the other hand, "[a]dditional compensation was provided to male management employees on the occasion of assignment of additional duties." *Id.* at 4. In addition, Plaintiff asserts one man "was given management level benefits and paid additional compensation without assignment of additional duties." *Id.* at 6. Plaintiff asserts Bob Rogola was "hired at the same grade level as Plaintiff," yet "was paid significantly more. . . exceeding the maximum allowable salary in the grade range." *Id.* at 8. She identifies several other male employees whom she believes received salaries greater than was appropriate. Plaintiff asserts she "complained about her unequal pay to her supervisor and to corporate offices, but her complaints were ignored." *Id.* at 3.

Further, Plaintiff alleges that "[t]he work place environment was saturated with discriminatory practices against female employees, including but not limited to blatant and extensive sexual harassment of female employees by high management employees whose conduct was ignored by higher management officers." (Doc. 4 at 2). According to Plaintiff, although she "was not subjected to direct sexual harassment by Mr. Schoenstein, she was offended by his sexual harassment of other female employees and the graphic reports of that sexual harassment." *Id.* at 5.

Plaintiff reports she "timely field charges of discrimination" with the Equal Employment Opportunity Commission and received a "Notice of Right to Sue" on May 13, 2013. (Doc. 4 at 10).

### III.    Discussion and Analysis

#### A.    Title VII claims

Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this [title] . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under this [title]. . . ." 42 U.S.C. § 2000e-3(a).  Further, Title VII provides it is

"an unlawful employment practice for an employer . . . to discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1); *Harris v. Forklift*

*Sys., Inc.*, 510 U.S. 17, 21 (1993).  The Supreme Court determined this guarantees "the right to work in

an environment free from discriminatory intimidation, ridicule, and insult."  *Meritor Sav. Bank, FSB v.*

*Vinson*, 477 U.S. 57, 65 (1986).

### 1.      Retaliation

An "employer can violate the anti-retaliation provisions of Title VII in either of two ways: (1) if

the adverse employment action occurs because of the employee's opposition to conduct made unlawful

[by Title VII]; or (2) if it is in retaliation for the employee's participation in the machinery set up by

Title VII to enforce its provisions."  *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997).  To state

a cognizable claim for retaliation, a plaintiff must allege: "(1) she engaged in an activity protected by

Title VII; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists

between the protected activity and the adverse action."  *Bleeker v. Vilsack*, 468 Fed. App'x 731, 732

(9th Cir. 2012); *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

Here, Plaintiff alleges her employment was terminated, which is an adverse employment action

under Title VII.  *See Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).  Plaintiff

asserts she complained to her supervisory and officers at the corporate level regarding the inequitable

pay (Doc. 4 at 3), which is protected activity under Title VII.  *Ray v. Henderson,* 217 F.3d 1234, 1240

n.3 (9th Cir. 2000) (complaints to a supervisor are protected under Title VII); *see also Raad v.*

*Fairbanks N. Star Borough*, 323 F.3d 1185, 1197 (9th Cir. 2003) (citing 42 U.S.C. § 2000e-3(a))

(protected activities include filing a charge or complaint with the EEOC, testifying about an

employer's alleged unlawful practices, and "engaging in other activity intended to oppose an

employer's discriminatory practices"). However, Plaintiff has not alleged a causal link between her

complaints and the termination of her employment with Defendants.

The causal link may be "inferred from circumstantial evidence, such as the employer's

knowledge that the plaintiff engaged in protected activities and the proximity in time between the

protected action and the allegedly retaliatory employment decision." *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987) "[C]ausation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." *Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1065 (9th Cir. 2002); *see, e.g., Yartzoff*, 809 F.2d at 1376 (inferring causation where adverse employment actions took place less than three months after the plaintiff's complaint where his supervisors were aware of his Title VII charges and his participation in administrative investigations); *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 869-70 (9th Cir. 1996) (finding causal link where alleged retaliation followed within months of protected activity where supervisor knew of the employee's complaint). Here, Plaintiff has failed to allege when her complaints were made and, as a result, there are insufficient facts to support an inference of causation. Consequently, Plaintiff has failed to state a cognizable claim for retaliation in violation of Title VII.

### 2.      Gender Discrimination—Disparate Treatment

An individual suffers disparate treatment in her employment when "she is singled out and treated less favorably than others similarly situated." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). "[T]o assert a valid Title VII claim for sex discrimination, a plaintiff must make out a prima facie case establishing that the challenged employment action was either intentionally discriminatory or that it had a discriminatory effect on the basis of gender." *Jespersen v. Harrah's Operating Co.*, 444 F.3d 1104, 1109 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Harriss v. Pan Am. World Airways, Inc.*, 649 F.2d 670, 673 (9th Cir. 1980). A plaintiff must allege "(1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998) (citation omitted).

Plaintiff alleges she "was paid less than similarly situated male employees." (Doc. 4 at 2). As a female, Plaintiff is a member of a protected class. *See, e.g., Berg v. Cal. Horse Racing Bd.*, 419 F.Supp. 2d 1219, 1230 (E.D. Cal. 2006). As discussed above, Plaintiff suffered an adverse employment action. However, Plaintiff has not alleged that she was meeting her employer's expectations. Thus, Plaintiff has not alleged facts sufficient to support her claim for disparate treatment in violation of Title VII.

1                    3.        **Hostile Work Environment—Sexual Harassment**

2         The Supreme Court determined Title VII is violated "[w]hen the workplace is permeated with

3    discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the

4    conditions of the victim's employment and create an abusive working environment." *Oncale v.*

5    *Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998).  To state a claim under Title VII for hostile

6    work environment based upon sexual harassment, an employee must allege: "(1) she was subjected to

7    verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was

8    sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work

9    environment." *Porter v. California Dept. of Corrections*, 419 F.3d 885, 892 (9th Cir. 2005) (citation

10   omitted).  The "severe or pervasive" element has both objective and subjective components, and courts

11   consider "not only the feelings of the actual victim, but also 'assume the perspective of the reasonable

12   victim.'"  *EEOC v. Prospect Airport Servs.*, 621 F.3d 991, 998 (9th Cir. 2010) (quoting *Brooks v. City*

13   *of San Mateo*, 229 F.3d 917, 924 (9th Cir. 2000)).

14        Here, Plaintiff alleges that "[t]he work place environment was saturated with discriminatory

15   practices against female employees, including but not limited to blatant and extensive sexual

16   harassment of female employees by high management employees whose conduct was ignored by

17   higher management officers."  (Doc. 4 at 2).  Plaintiff admits she "was not subjected to direct sexual

18   harassment" though "she was offended by [the] sexual harassment of other female employees and the

19   graphic reports of that sexual harassment."  *Id.* at 5.  Incidents of harassment directed at others —and

20   not the plaintiff—"have some relevance in demonstrating the existence of a hostile work environment."

21   *Gleason v. Mesirow Financial, Inc.*, 118 F.3d 1134, 1144 (7th Cir. 1997) (citing, *e.g., Hirase-Doi v.*

22   *U.S. West Communications, Inc.*, 61 F.3d 777, 782 (10th Cir. 1995); *Hall v. Gus Const. Co., Inc.*, 842

23   F.2d 1010, 1015 (8th Cir. 1988); *but see also Conto v. Concord Hosp., Inc.,* 265 F.3d 79, 82 (1st Cir.

24   2001) (holding evidence submitted by the plaintiff did not generate a trial-worthy hostile work

25   environment claim where she "witnessed male coworkers uttering sexually-charged profanities and

26   making obscene bodily gestures to [others]… but never to her").  As the Seventh Circuit explained,

27   "the impact of 'second-hand harassment' is obviously not as great as the impact of harassment directed

28   at the plaintiff."  *Id.*, 118 F.3d at 1144.

The Supreme Court instructs that a court must consider "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Morgan,* 536 U.S. at 116 (citation omitted).  "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks and citations omitted).  Here, Plaintiff does not provide information regarding the nature or frequency of the harassment suffered by others such that the Court may determine it interfered with Plaintiff's work.  Consequently, she has failed to allege facts sufficient to support a claim for sexual harassment in violation of Title VII.

**B.      Equal Pay Act**

Under the Equal Pay Act ("EPA"), it is unlawful for employers to pay employees of one sex less than employees of the other sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). To state a cognizable claim for a violation of the EPA, a plaintiff must allege the employer paid "different wages to employees of the opposite sex for equal work."  *Hein v. Oregon Coll. of Educ*., 718 F.2d 910, 913 (9th Cir. 1983) (citation omitted).  The work need "need not be identical, but they must be 'substantially equal.'"  *Id.*; *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073-74 (9th Cir. 1999).

Plaintiff alleges she "was paid less than similarly situated male employees with similar responsibilities and duties."  (Doc. 4 at 10).  As an example, Plaintiff observes that Bobby Gallen, who also worked at the management level, "was assigned additional responsibilities for safety previously assigned to the Plaintiff, and in connection therewith he was given additional management benefits and additional compensation based on the assignment."  *Id.* at 6.  However, when Plaintiff received the "additional duties including the responsibility for safety and fleet management," she received no additional compensation.  *Id.* at 3.  Another man was "hired at the same grade level as Plaintiff," yet "was paid significantly more. . . exceeding the maximum allowable salary in the grade range."  *Id.* at 8.  Because Plaintiff received different pay as her male counterparts for jobs involving similar skill, effort, or responsibility, she has stated a cognizable claim for a violation of the Equal Pay Act. *See Forsberg v.*

1    *Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1414 (9th Cir. 1988) (explaining each criterion must be satisfied

2    under the EPA).

3    **IV.     Conclusion and Order**

4          Plaintiff has stated a cognizable claim for a violation of the Equal Pay Act.  However, Plaintiff

5    has not stated facts sufficient to support her claims for retaliation, disparate treatment, or sexual

6    harassment in violation of Title VII.

7          Plaintiff will be given **one final** opportunity to file an amended complaint curing deficiencies

8    identified in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant

9    must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of

10   the complaint could not be cured by amendment").  In the alternative, Plaintiff may notify the Court in

11   writing that she does not wish to file a Second Amended Complaint and is willing to proceed only on

12   her claim for violation of the Equal Pay Act. At that time, the Court will recommend dismissal of the

13   other claims and issue summons.

14         The Second Amended Complaint must bear the docket number assigned this case and must be

15   labeled "Second Amended Complaint."  Plaintiff is reminded that the Court cannot refer to a prior

16   pleading in order to make an amended complaint complete.  Local Rule 220 requires and amended

17   complaint be "complete in itself without reference to the prior or superseded pleading."  As a general

18   rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th

19   Cir. 1967).  Also, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which

20   are not alleged in an amended complaint are waived."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

21   1986).

22         Based upon the foregoing, **IT IS HEREBY ORDERED**:

23         1.     Within 21 days from the date of service of this order Plaintiff **SHALL**:

24                a.     File a Second Amended Complaint curing the deficiencies identified by the

25                       Court in this order, **or**

26                b.     Notify the Court, in writing, of her willingness to proceed on the cognizable

27                       claim for a violation of the Equal Pay Act.

28

                                                      8

2.      Plaintiff is advised that the action may be dismissed for failure to comply with this

Order. *See e.g. Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissing

the action for failure to comply with an order requiring amendment of complaint).

IT IS SO ORDERED.

Dated:   __October 7, 2013__                        _____/s/ Jennifer L. Thurston__

UNITED STATES MAGISTRATE JUDGE