UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA WERNER,<br><br>    Plaintiff,<br><br>    v.<br><br>ADVANCE NEWHOUSE PARTNERSHIP, LLC, a New York limited liability company d/b/a BRIGHTHOUSE NETWORKS; and BRIGHTHOUSE NETWORKS,<br><br>    Defendants. | Case No.: 1:13-cv-01259 - LJO - JLT<br><br>ORDER TO THE CLERK TO FILE THE LODGED THIRD AMENDED COMPLAINT<br><br>(Doc. 11)<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S CLAIM FOR RETALIATION IN VIOLATION OF TITLE VII<br><br>(Doc. 11)<br><br>ORDER DIRECTING CLERK TO ISSUE SUMMONS |

    Plaintiff Patricia Werner initiated this action against Advance Newhouse Partnership, LLC and Brighthouse Networks (collectively, "Defendants") by filing a complaint on August 12, 2013. She filed a First Amended Complaint on September 23, 2013 (Doc. 4), which the Court determined stated cognizable claims for a violation of the Equal Pay Act (Doc. 9). Plaintiff was directed to either amend her complaint or notify the Court of her willingness to proceed only on her cognizable claim. In compliance with the Court's order, Plaintiff filed a Second Amended Complaint. However, before the Court screened this pleading, Plaintiff filed a Third Amended Complaint on November 22, 2013 (Doc. 11). For the following reasons, the Court recommends Plaintiff's Title VII claim for retaliation be **DISMISSED**.

# I. Pleading Requirements

The Federal Rules of Civil Procedure govern the requirements for filing an adequate complaint in the District Court. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The purpose of the complaint is to give the defendant fair notice of the claims, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Thus, a complaint must give fair notice and state the elements of the claims in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). When factual allegations are well-pled, a court should assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). The Court may grant leave to amend when the deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

# II. Plaintiff's Allegations

Plaintiff alleges she was employed by Defendants as Director of Human Resources of the Bakersfield Division of Brighthouse Networks/ Advance Newhouse Partnership until August 24, 2011. (Doc. 11 at 2.) She asserts she was "discriminated against based on her gender" because Plaintiff was

paid "less than…comparable similarly situated male employees with similar responsibilities and duties throughout the Defendant companies," and she was disciplined although male employees committed acts of misconduct that were ignored. (*Id.*)

Plaintiff alleges that when she was hired by the companies in 1997, she "became aware that males were paid more than females for the same or substantially similar work," and she "presented her pay equity concerns to Division President Joe Schoenstein at the division level and to officers at the corporate level." (Doc. 11 at 4.) However, Plaintiff asserts "her concerns were ignored." (*Id.*)

According to Plaintiff, "practice of the company was to provide additional compensation to management employees when additional duties were assigned," but when she received no additional compensation when she was made responsible for safety, Workers' Compensation administration, facilities management, and fleet management. (Doc. 11 at 4.) In addition, Plaintiff asserts that "[m]ale employees were assigned company vehicles to make filed visits and attend company business." (*Id.* at 5.) Plaintiff requested a vehicle, but her request was ignored and "Plaintiff used her personal vehicle to travel to the field, to numerous job fairs and to attend educational seminars." (*Id.*)

Plaintiff alleges one man "was given management level benefits and paid additional compensation without assignment of additional duties." (Doc. 11 at 5.) Plaintiff asserts Bob Rogola was "hired at the same grade level as Plaintiff," yet "was paid significantly more. . . exceeding the maximum allowable salary in the grade range." (*Id.* at 8.) She identifies several other male employees who received salaries greater than she believed was appropriate. (*See id.* at 5-7.)

Further, Plaintiff alleges that "[t]he work place environment was saturated with pervasive and frequent sexual harassment practices against female employees, including …but not limited to sexual harassment of female employees by management employees whose conduct was ignored by higher management officers." (Doc. 11 at 3.) She reports she "was not subjected to direct sexual harassment," but "she was offended by…sexual harassment of other female employees and the graphic reports of that sexual harassment." (*Id.* at 8, emphasis omitted.) In addition, Plaintiff alleges she issued a written warning to a female employee after males complained about her inappropriate clothing, but nothing was done. (*Id.* at 13.) Plaintiff asserts she complained about her work environment, but "the hostile work environment continued throughout her employment." (*Id.* at 12.)

Based upon these factual allegations, Plaintiff asserts Defendants are liable for violations of the Equal Pay Act and disparate treatment, retaliation and sexual harassment in violation of Title VII. (Doc. 11 at 15.) She "timely field charges of discrimination" with the Equal Employment Opportunity Commission and received a "Notice of Right to Sue" on May 13, 2013. (*Id.* at 14, 15.)

### III.     Discussion and Analysis

####   A.     Title VII claims

Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this [title] . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [title]. . . ." 42 U.S.C. § 2000e-3(a). Further, Title VII provides it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). The Supreme Court determined this guarantees "the right to work in an environment free from discriminatory intimidation, ridicule, and insult." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986).

#####        1.     Retaliation

An "employer can violate the anti-retaliation provisions of Title VII in either of two ways: (1) if the adverse employment action occurs because of the employee's opposition to conduct made unlawful [by Title VII]; or (2) if it is in retaliation for the employee's participation in the machinery set up by Title VII to enforce its provisions." *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997). To state a cognizable claim for retaliation, a plaintiff must allege: "(1) she engaged in an activity protected by Title VII; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Bleeker v. Vilsack*, 468 Fed. App'x 731, 732 (9th Cir. 2012); *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

Here, Plaintiff alleges her employment was terminated, which is an adverse employment action under Title VII. *See Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Plaintiff asserts she complained to her supervisory and officers at the corporate level regarding the inequitable

1 pay (Doc. 11 at 3), which is protected activity under Title VII. *Ray v. Henderson,* 217 F.3d 1234, 1240 n.3 (9th Cir. 2000) (complaints to a supervisor are protected activities under Title VII); *see also Raad v. Fairbanks N. Star Borough*, 323 F.3d 1185, 1197 (9th Cir. 2003) (citing 42 U.S.C. § 2000e-3(a)) (protected activities include filing a charge or complaint with the EEOC, testifying about an employer's alleged unlawful practices, and "engaging in other activity intended to oppose an employer's discriminatory practices"). However, Plaintiff has not alleged a causal link between her complaints and the termination of her employment with Defendants.

A causal link may be "inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities *and* the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987) (emphasis added). "[C]ausation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." *Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1065 (9th Cir. 2002); *see, e.g., Yartzoff*, 809 F.2d at 1376 (inferring causation where adverse employment actions took place less than three months after the plaintiff's complaint where his supervisors were aware of his Title VII charges and his participation in administrative investigations); *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 869-70 (9th Cir. 1996) (finding causal link where alleged retaliation followed within months of protected activity where supervisor knew of the employee's complaint).

Here, Plaintiff provides little information about when she made her complaints. She alleges she complained twice about an co-worker pressuring her to divulge confidential medical information about employees sometime around June 2011. (Doc. at 11) She alleges she complained about sexual harassment and a hostile work environment which, she claims, existed throughout her career, but fails to indicate *when* she made these complaints. Id. at 12. She asserts she complained about inequitable pay and gender discrimination, but doesn't indicate when she made these complaints. (Id. at 3-4) Notably, the Court has informed Plaintiff of the requirement that she allege factual support for her claim that her termination was in retaliation for the complaints she made. (Doc. 7 at 5) Absent this factual support and absent her failure to demonstrate temporal proximity between the complaints and her firing, she has, once again, failed to demonstrate a causal relationship between her complaints and

the termination.

Consequently, Plaintiff fails to state a cognizable claim for retaliation in violation of Title VII, and the Court recommends this claim be **DISMISSED**.

### 2. Gender Discrimination—Disparate Treatment

An individual suffers disparate treatment in her employment when "she is singled out and treated less favorably than others similarly situated." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). "[T]o assert a valid Title VII claim for sex discrimination, a plaintiff must make out a prima facie case establishing that the challenged employment action was either intentionally discriminatory or that it had a discriminatory effect on the basis of gender." *Jespersen v. Harrah's Operating Co.*, 444 F.3d 1104, 1109 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Harriss v. Pan Am. World Airways, Inc.*, 649 F.2d 670, 673 (9th Cir. 1980). A plaintiff must allege "(1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998) (citation omitted).

Plaintiff alleges she "was paid less than similarly situated male employees" and sets forth detail related to the men who received higher pay for the same or lesser work. (Doc. 4 at 2). As a female, Plaintiff is a member of a protected class. *See, e.g.*, *Berg v. Cal. Horse Racing Bd.*, 419 F.Supp. 2d 1219, 1230 (E.D. Cal. 2006). As discussed above, Plaintiff suffered an adverse employment action. However, Plaintiff acknowledges that she faced discipline for misconduct, though she alleges men engaged in the same misconduct were not disciplined. (*See* Doc. 11 at 2.) This seems to call into question whether the conduct in which she engaged actually fell outside of that permitted by the employer. On the other hand, Plaintiff alleges the employer praised her work. (Id. at 4) Thus, for purposes of screening, it appears Plaintiff has alleged minimally sufficient factual allegations to support her claim for gender discrimination in violation of Title VII.

### 3. Hostile Work Environment—Sexual Harassment

The Supreme Court determined Title VII is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the

conditions of the victim's employment and create an abusive working environment." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998).  To state a claim under Title VII for hostile work environment based upon sexual harassment, an employee must allege: "(1) she was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment."  *Porter v. California Dept. of Corrections*, 419 F.3d 885, 892 (9th Cir. 2005) (citation omitted).  The "severe or pervasive" element has both objective and subjective components, and courts consider "not only the feelings of the actual victim, but also 'assume the perspective of the reasonable victim.'" *EEOC v. Prospect Airport Servs.*, 621 F.3d 991, 998 (9th Cir. 2010) (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 924 (9th Cir. 2000)).

Here, Plaintiff alleges that "[t]he work place environment was saturated with pervasive and frequent sexual harassment practices against female employees, including … but not limited to sexual harassment of female employees by high management employees whose conduct was ignored by higher management officers." (Doc. 11 at 3.)  Plaintiff admits she "was not subjected to direct sexual harassment" though "she was offended by [the] sexual harassment of other female employees and the graphic reports of that sexual harassment."  (*Id.* at 8, emphasis omitted.)

Incidents of harassment directed at others —and not the plaintiff—"have some relevance in demonstrating the existence of a hostile work environment."  *Gleason v. Mesirow Financial, Inc.*, 118 F.3d 1134, 1144 (7th Cir. 1997) (citing, *e.g., Hirase-Doi v. U.S. West Communications, Inc.*, 61 F.3d 777, 782 (10th Cir. 1995); *Hall v. Gus Const. Co., Inc.*, 842 F.2d 1010, 1015 (8th Cir. 1988); *but see Conto v. Concord Hosp., Inc.,* 265 F.3d 79, 82 (1st Cir. 2001) (holding evidence submitted by the plaintiff did not generate a trial-worthy hostile work environment claim where the plaintiff "witnessed male coworkers uttering sexually-charged profanities and making obscene bodily gestures to [others]… but never to her").  As the Seventh Circuit explained, "the impact of 'second-hand harassment' is obviously not as great as the impact of harassment directed at the plaintiff."  *Id.*, 118 F.3d at 1144.

The Supreme Court instructs that a court must consider "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's

work performance." *Morgan,* 536 U.S. at 116 (citation omitted).  "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment."  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks and citations omitted).  Here, Plaintiff does not provide information regarding the nature or frequency of the harassment suffered by others such that the Court may determine it interfered with Plaintiff's work.  Moreover, given Plaintiff's position as Human Resources Director, her complaint is grounded primarily in an inability to perform her work to enforce company policies and the requirements of law.  (*See* Doc. 11 at 8) (alleging "Plaintiff was forced to attempt to enforce laws prohibiting sexual harassment in spite of the local office president's history of sexual harassment of female employment and failure to discipline").  On the other hand, Plaintiff alleges the sexual harassment occurred at the highest levels of the company and that the permissive attitude of Brighthouse toward sexual harassment directly bore on the terms and conditions of Plaintiff's employment.  For example, she alleges that she disciplined an employee for wearing inappropriate, revealing clothing.  Id. at 13-14.  The vice-president of the company refused to approve or participate in further discipline of the employee even after she continued to wear the revealing clothing.  Id.  This lead to the employee flaunting her inappropriate dress to Plaintiff and undermined Plaintiff's authority.

Consequently, the Court finds she has set forth a prima facie case for sexual harassment in violation of Title VII.

**B.     Equal Pay Act**

Under the Equal Pay Act ("EPA"), it is unlawful for employers to pay employees of one sex less than employees of the other sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). To state a cognizable claim for a violation of the EPA, a plaintiff must allege the employer paid "different wages to employees of the opposite sex for equal work."  *Hein v. Oregon Coll. of Educ*., 718 F.2d 910, 913 (9th Cir. 1983) (citation omitted).  The work need "need not be identical, but they must be 'substantially equal.'"  *Id.*; *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073-74 (9th Cir. 1999).

Plaintiff alleges she "was paid less than male employees who held similar positions and were Plaintiff's counterparts in management."  (Doc. 11 at 4.)  As an example, Plaintiff observes that Bobby

8

Gallen, who also worked at the management level, "was assigned additional responsibilities for safety previously assigned to the Plaintiff, and in connection therewith he was given additional management benefits, including a company vehicle and increased bonus potential, and additional compensation based on the assignment of the additional responsibility." (*Id.* at 5.) However, when Plaintiff received "the same additional responsibility," she received no "compensation or management benefits." (*Id.*) Another man was "hired at the same grade level as Plaintiff," yet "was paid significantly more. . . exceeding the maximum allowable salary in the grade range." (*Id.* at 7.) Because Plaintiff received different pay as her male counterparts for jobs involving similar skill, effort, or responsibility, she has stated a cognizable claim for a violation of the Equal Pay Act. *See Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1414 (9th Cir. 1988) (explaining each criterion must be satisfied under the EPA).

## IV.     Findings and Recommendations

Plaintiff has stated a cognizable claim for gender discrimination and for a hostile work environment in violation of Title VII and for violation of the Equal Pay Act. However, Plaintiff has not stated facts sufficient to support her claims for retaliation in violation of Title VII. Previously, Plaintiff has been informed of the elements of this cause of action and was granted leave to amend the pleading. (*See* Doc. 3, Doc. 7.) However, Plaintiff has failed to cure the deficiencies of her claim. Accordingly, it appears that she is unable to allege facts sufficient to support these claims, and further leave to amend would be futile.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1.      Plaintiff's claims for retaliation in violation of Title VII be **DISMISSED**; and

2.      Her action proceed on her claim for a sexual harassment and hostile work environment in violation of Title VII and violation of the Equal Pay Act.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these findings and recommendations, Plaintiff may file and serve written objections with the Court. A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

## V. ORDER

Based upon the foregoing, the Court **ORDERS**:

1. The Clerk of Court is DIRECTED to issue summonses as to the defendants Bright House Networks, LLC and Advance Communications, Inc.;
2. The Clerk of Court is DIRECTED to issue and serve Plaintiff with new case documents;
3. **Plaintiff is cautioned that she must achieve service of process within the time period set forth in Fed. R. Civ. P. 4 or the matter may be dismissed.**

IT IS SO ORDERED.

Dated: **December 16, 2013**         /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE